9th Circuit Court — Manchester Family Division
No. 2012-135

IN THE MATTER OF S. REBECCA CARMODY AND CRAIG T. CARMODY

Submitted: January 10, 2013
Opinion Issued: March 13, 2013

*Law Office of Joshua L. Gordon*, of Concord (*Joshua L. Gordon* on the brief), for the defendant.

S. Rebecca Carmody, self-represented party, filed no brief.

BASSETT, J. The defendant, Craig T. Carmody, appeals an order of the 9th Circuit Court — Manchester Family Division (*Emery*, J.) denying his request for the return of firearms that he had relinquished six years earlier as required by a domestic violence temporary order. *See* RSA 173-B:5, X (2002). We reverse and remand.

The following facts are drawn from the trial court's order or are otherwise supported by the record. On January 3, 2005, a domestic violence

temporary order was issued that required the defendant to relinquish all firearms in his possession. On May 12, 2005, the Superior Court approved an agreement signed by the defendant and the plaintiff, S. Rebecca Carmody, to withdraw the order.

On November 9, 2011, the defendant requested the return of the firearms that he had relinquished pursuant to the order. The plaintiff stated that she had no objection. The New Hampshire State Police sent a facsimile to the court stating "there are [no] firearm disqualifiers on [the defendant's] Criminal Record." On December 12, 2011, the court conducted a hearing during which counsel for the defendant stated that the Chief of the Greenfield Police Department had contacted him regarding the defendant's firearms and inquired whether counsel could "do something to try [to] get them out of [the Chief's] care, custody, and control."

Following the hearing, the court denied the defendant's motion. The court ruled that the language of RSA 173-B:5, X "limited the defendant to applying within 15 days prior to the expiration of the court's order of protection." The court concluded that it had "no choice but to deny the motion" as the defendant filed his request more than six years after the expiration of the protective order. The defendant's motion for reconsideration was denied, and this appeal followed.

The defendant argues that the trial court erred in construing RSA 173-B:5, X. We review the trial court's interpretation of a statute *de novo.* *In the Matter of McArdle & McArdle,* 162 N.H. 482, 484 (2011). We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. *Id.* We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used. *Id.* When the language of a statute is clear on its face, its meaning is not subject to modification. *Id.* We will neither consider what the legislature might have said nor add words that it did not see fit to include. *Id.* at 485.

■■ RSA 173-B:5, X(a) states, in pertinent part:

> Within 15 days prior to the expiration of the protective orders, the defendant *may* request, by motion to the court, the return of any and all firearms and ammunition and specified deadly weapons held by the law enforcement agency while the protective order was in effect. Upon receipt of such a motion, the court shall schedule a hearing no later than 15 days after the expiration of the order.

(Emphasis added.) We agree with the defendant that RSA 173-B:5, X(a) does not limit the defendant to applying within fifteen days of the

expiration of the court's order of protection for the return of his firearms. Rather, the express language in RSA 173-B:5, X(a) provides that a defendant *may* request the return of firearms within fifteen days prior to the expiration of a protective order. *See Appeal of Rowan*, 142 N.H. 67, 71 (1997) ("It is the general rule that in statutes the word 'may' is permissive only, and the word 'shall' is mandatory." (quotation omitted)). Nothing in the language of the statute requires a defendant to apply within fifteen days of the order's expiration or forgo the return of his firearms. Accordingly, because the trial court misconstrued RSA 173-B:5, we reverse and remand.

*Reversed and remanded.*

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.